## BELDING  *v*.  SLOAN.

### Opinion  delivered  March  26,  1898.

COMMON PLEAS COURT—PRACTICE ON CHANGE OF VENUE.—Under Acts 1875,
   p. 123, § 22, permitting actions pending before justices of the peace
   to be changed to the court of common pleas in certain counties, it was
   provided that, upon a change of venue being taken, "neither party shall be
   permitted to file in said court any new or additional cause or any new
   or additional counter-claim or set-off, * * * but said cause shall be
   tried upon its merits as though still in the justice's court." *Held* that
   the defendant could not file in the court of common pleas, nor in the
   circuit court on appeal, a set-off or counter-claim which he had not
   filed nor offered to file in the justice's court.   (Page 176.)

Appeal from Garland Circuit Court.

ALEXANDER  M.  DUFFIE,  Judge.

#### STATEMENT BY THE COURT.

The appellee, Sloan, brought an  action upon  an  account
against  appellant,  Belding,  before  a  justice of  the  peace of
Garland county.    Upon  the  day  set  for  trial  the  parties ap-
peared,  and,  on  motion of  Belding,  "a change of  venue"  was
taken  to  the  court  of  common  pleas  of  said  county.    When
the case was called for  trial  in  that  court,  Belding  offered to
file  a  set-off  and  also  a  counter-claim  against  the  plaintiff,
Sloan,  but  the  court  refused  to  permit  him  to  do  so.    On the
appeal  to  the  circuit court,  Belding  again  offered to file his set
off  and  counter-claim,  but  the  court  refused  his  request,  on the
ground that  he should have  filed  them  before  the  justice  of  the
peace.    Upon  a  trial there  was  a  finding  and  judgment against
Belding,  from which  judgment  he  appealed.

*Greaves  &  Martin*,  for  appellant.

The act of the legislature  establishing  the  court of  com-
mon  pleas  in  Garland  county  prohibits  the  filing  of  any  "new"
or  "additional"  defense  in  the  court  of  common  pleas,  on  a
change  of  venue  from  justice  court.    This,  however,  does  not
apply  to  a  case  where  *no*  defense  or  counter-claim  was  filed  in

justice court. In such case, the defendant is at liberty to file his counter-claim in the common pleas court. Acts of 1875, p. 123, §§ 21, 22, 18 and 4. For proper definition and construction of "new" and "additional," see Century Dict. "New," (5), (11), and (22); Rapalje & Lawrence's Law Dict. "New and Improved;" Anderson's Dict. of Law, "New;" 16 Am. & Eng. Enc. Law, 489; 1 *ib.* (2 Ed.) 608; Cent. Dict.; Rap. & Lawr. Law Dict., Anderson's Dict. Law, words, "Addition" and "Additional.' This court has construed a statute similar to the one at bar, in the manner for which we contend here. Sand. & H. Dig., § 4447; 35 Ark. 448; 44 Ark. 376; 46 Ark. 259; Sand. & H. Dig., § 1124; 48 Ark. 349; 64 Ark. 395.

*Wood & Henderson*, for appellee.

The defendant failed to file his counter-claim in the justice court, and it cannot be filed in the court of common pleas. Acts 1875, p. 127, §§ 18, 20 and 22; 35 Ark. 448; 44 Ark. 376; 46 Ark. 259; 48 Ark. 349.

RIDDICK, J., (after stating the facts). We are of the opinion that the judgment of the circuit court should be affirmed. The statute of 1875, which permits actions pending before justices of the peace to be changed to the courts of common pleas in certain counties named in the act, contains this provision: "Upon a change of venue being taken as provided in the preceding section, neither party shall be permitted to file in said court any new or additional cause, or any new or additional counter-claim or set-off; nor shall either party be required to file any additional pleading, but said cause shall be tried upon its merits as though still in the justice's court." Acts 1875, p. 123, § 22. Under this statute, we think the circuit court properly ruled that Belding could not file in the court of common pleas a set off or counter-claim which he had not filed or offered to file before the justice of the peace.

Affirmed.